## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | § | |
| ANOVA APPLIED ELECTRONICS, INC., | § | Civil Action No. |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| RJ BRANDS LLC *d/b/a Chefman*, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORIGINAL COMPLAINT

Plaintiff, Anova Applied Electronics, Inc. ("Anova"), by and through its undersigned counsel, hereby submits the following complaint against Defendant RJ Brands LLC, *d/b/a Chefman* ("Defendant"), as identified above.

## JURISDICTION AND VENUE

1.   This is an action for trademark and trade dress infringement, trademark dilution, and unfair competition.

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Anova's claims arise under the trademark laws of the United States.

3.   This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the suit is between citizens of a state and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000.

4.   This Court has jurisdiction under 28 U.S.C. § 1367 over the state law and common law claims, which arise from or are substantially related to the same acts giving rise to the federal claims.

5.   This Court has personal jurisdiction over Defendant pursuant to Massachusetts General Laws c. 223A § 3 because Defendant does business in the Commonwealth of Massachusetts and the claims arise from the Defendant's unlawful acts in the Commonwealth.

6.   Defendant commits acts of trademark infringement, trade dress infringement and unfair competition while using trademarks and trade dress confusingly similar to Anova's trademark and trade dress to conduct or solicit business through advertising, offering for sale and selling confusingly similar goods.

7.   Defendant offers its products bearing the confusingly similar trademarks and trade dress through, *inter alia*, the website Chefman.com, which is available to consumers in Massachusetts and featured in Internet advertisements directed to consumers in the Commonwealth.

8.   Through the Defendant's website, consumers in the Commonwealth can purchase from the Defendant products bearing trademarks and trade dress confusingly similar to those of Anova.

9.   Defendant also puts products bearing a confusingly similar trademark and trade dress as those of Anova into the stream of commerce, which products are marketed, advertised and sold to consumers in the Commonwealth through, *inter alia*, the websites Amazon.com, Bestbuy.com, Target.com and Walmart.com, as well as other internet-based and brick-and-mortar establishments.

10. These actions give rise to personal jurisdiction over the Defendant in this Court.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the Defendant is subject to jurisdiction in this district and/or a substantial part of the events giving rise to the claims herein occurred in this district.

## THE PARTIES

12. Anova is a Delaware company incorporated in 2015, having a primary place of business in San Francisco, California.  Anova has been doing business, including in Massachusetts, since 2013.

13. Upon information and belief, Defendant is a Foreign Limited Liability Company organized and existing under the laws of the State of New Jersey, having its principal place of business at 1 Sharp Plaza, Ste. 2, Mahwah, NJ 07495-1123.

14. Upon information and belief, Defendant was founded in 2009, is a seller of home appliances, and sells its products throughout the world, including in the United States and this judicial district.

## FACTUAL BACKGROUND

15. Anova is a San Francisco-based smart kitchen appliance company in the business of making and selling "connected" home appliances.

16. Founded in 2013, Anova is known for its signature product—the Precision Cooker—a constant temperature immersion circulator that, in 2014, enjoyed one of the most successful crowdfunding campaigns in Kickstarter's history, receiving over $1.8 million in funding.

17. Much of this funding was invested in research and development efforts, advertising and brand recognition initiatives, which made Anova a household name in the home appliance industry and built substantial good will in its distinctive trademark and trade dress.

18. The Anova Sous Vide Precision Cooker has received wide acclaim, including praise from the likes of The Wall Street Journal, CNET, Wired Magazine, Food and Wine, Tech Crunch, Buzz Feed, CBS News, Gizmodo, and several other noteworthy publications.

19. Anova holds United States trademark registration No. 4,989,116 for PRECISION for use in connection with temperature controllers for use in cooking, namely, constant temperature immersion circulators, in Class 9.

20. Anova also enjoys trade dress protection for its highly distinctive—and non-functional—product design that Anova has used continuously on its signature product since early 2014.

21. Anova's highly distinctive trade dress is seen in the following images:

**Anova Product and Trade Dress**



22. The distinctive design of Anova's Sous Vide Precision Cooker includes:
- an angled black display interface;
- a silver-colored border encompassing the entire black angled display;
- a black middle portion featuring a vertically-oriented scrolling wheel illuminated in blue in the upper-center of the black middle portion;
- a stainless steel skirt with oblong perforations located directly beneath the black middle portion of the device; and
- a color scheme of black, neon blue, silver, white and red.

23. Before releasing the Precision Cooker in May 2014, Anova's founders spent several years experimenting with—and ultimately discarding—alternate aesthetic designs before deciding on the protected trade dress of the Precision Cooker, as shown in the examples below:



24. Followings its widely publicized, record-setting Kickstarter campaign in May 2014, Anova has been reported by trade publications to have "taken the sous vide market by storm" with the release of the highly distinctive Precision Cooker, stating that the Anova Precision Cooker has "lived up to its fame."  http://www.corriecooks.com/sous-vide-supreme-water-oven-vs-anova-circulator/

25. In the midst of its widely publicized, record-setting Kickstarter campaign, news outlets attributed Anova's success to the Precision Cooker's physical design, stating, "there's a reason people are going so crazy over the company's new product," attributing this to the product's "look." https://www.digitaltrends.com/home/anovas-new-precision-cooker-already-raised-400k-first-day-kickstarter/

26. Other makers of sous vide immersion circulators have gained popularity and been competitive in the market for sous vide immersion cookers without appropriating the Anova trade dress:



27. Anova has continued to invest heavily in its brand, particularly its PRECISION mark and trade dress, and as a result of the substantial good will associated with both, as well as the huge success of its Sous Vide Precision Cooker, Anova was purchased by Electrolux AB for $250 million in February 2017.

28. Upon information and belief, the Defendant, attempting to capitalize on Anova's success and the good will associated with its intellectual property, makes a nearly identical sous vide cooker, and is selling the product directly to consumers in the United States, for example, through its Internet website, Chefman.com, as well as through other online retailers including Amazon.com, Target.com, Bestbuy.com and other Internet websites and brick-and-mortar establishments.

29. The Defendant's infringing product is shown in the image below:

**<u>Infringing Product: CHEFMAN SOUS VIDE COOKER</u>**



30. Defendant's infringing product is shown in a side-by-side comparison with the Anova

Precision Cooker bearing Anova's distinctive trade dress:

 

31. Defendant's infringement of Anova's PRECISION trademark is shown in the Defendant's marketing and packaging materials below:







32. Anova has not consented to or authorized any of Defendant's use of its PRECISION mark or its distinctive trade dress.

33. Defendant has infringed the PRECISION mark and Anova's trade dress through at least the following acts: (1) adopting the PRECISION mark, which is identical to Anova's registered PRECISION mark; (2) adopting Anova's distinctive and protected trade dress (look and feel); (3) selling and advertising its products using Anova's PRECISION mark and trade dress to consumers in the United States; (4) providing its products using Anova's trade dress to re-sellers using Anova's PRECISION mark with actual or constructive knowledge, or willful blindness to the fact, that these customers were marketing and selling the infringing products in the United States under the PRECISION mark, that is identical to Anova's mark and whose look and feel is confusingly similar to Anova's distinctive trade dress.

## COUNT I
### Federal Trademark Infringement

34. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

35. Defendant's use of the PRECISION mark is likely to cause consumer confusion, mistake or deception as to the source of Defendant's products.  Defendant's use of the PRECISION mark is likely to cause purchasers and others to mistakenly believe that Defendant's products are legitimately connected with, sponsored by, or approved by Anova, or that Anova's products are connected with or sponsored by Defendant.

36. Defendant's use of the PRECISION mark on or in connection with its sous vide products violates Anova's exclusive rights in its PRECISION mark and constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Defendant's actions have been willful, wanton, and in deliberate disregard of the PRECISION mark.

38. Defendant's use of the PRECISION mark on or in connection with its products is greatly and irreparably damaging Anova and will continue to do so unless restrained by this Court. Anova is without an adequate remedy at law.

39. Defendant's actions have damaged Anova in an amount as yet to be determined.

## COUNT II
### Trademark Infringement under Massachusetts Common Law

40. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

41. Defendant is engaged in trade and commerce in the commonwealth of Massachusetts. This trade and commerce includes the sale, marketing and advertising of its sous vide cookers in connection with the PRECISION mark, directly and indirectly, by Defendant.

42. Defendant's actions as described above regarding the PRECISION mark constitute trademark infringement in violation of Massachusetts common law.

43. Defendant's use of the PRECISION mark has caused and is causing irreparable injury to Anova, for which Anova has no adequate remedy at law, and will continue to do so unless Defendant is enjoined by this Court.

44. Defendant's actions have been willful, wanton, and in deliberate disregard of Anova's rights in the PRECISION mark.

45. By reason of the foregoing, Anova has suffered and will continue to suffer monetary damages and loss of good will.

## COUNT III
### Trademark Dilution under M.G.L. c. 110H

46. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

47. Defendant's actions are likely to dilute the distinctive quality of the PRECISION mark and otherwise cause injury to Anova's business reputation.

48. Defendant's actions began long after the PRECISION mark became distinctive, and constitutes trademark dilution in violation of M.G.L. c. 110H § 13.

49. Defendant's use of the PRECISION mark has caused and is causing irreparable injury to Anova, for which Anova has no adequate remedy at law, and will continue to do so unless Defendant is enjoined by this Court.

50. Defendant's actions have been willful, wanton, and in deliberate disregard of the PRECISION mark.

51.  By reason of the foregoing, Anova has suffered and will continue to suffer monetary damages and loss of good will.

## COUNT IV
### Contributory Trademark Infringement, 15 U.S.C. § 1114

52. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

53. Upon information and belief, Defendant markets and sells its sous vide cookers to U.S. distributors and re-sellers.

54. Without authorization from Anova, upon information and belief, many of these distributors and re-sellers to which Defendant sells its sous vide cookers, in turn market and sell the products in the United States in connection with the PRECISION mark, which has caused and is likely to cause confusion, mistake and deception among consumers and the public as to whether Defendant's sous vide cooker originates from, is affiliated with, or is sponsored or endorsed by Anova.

55. Upon information and belief, Defendant materially contributes to the above-described infringement by having permitted and continuing to permit the offering for sale and sale of its sous vide cooker in connection with the PRECISION mark by its distributor and re-seller customers to consumers in the United States notwithstanding (i) Defendant's actual knowledge of the offering for sale and the sale of its sous vide cookers in connection with the PRECISION mark in the United States by said customers, (ii) Defendant's constructive knowledge of the offering for sale and sale of its sous vide cookers in connection with the PRECISION mark in the United States by said customers, or, alternatively, (iii) Defendant's willful blindness to the offering for sale and sale of its sous vide cookers in connection with the PRECISION mark in the United States by said customers.

56. Defendant's acts constitute contributory trademark infringement in violation of 15 U.S.C. § 1114.

57. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

58. Defendant's acts have damaged and will continue to damage Anova and Anova has no adequate remedy at law.

## COUNT V
### Contributory False Designation of Origin, 15 U.S.C. § 1125

59. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

60. Defendant's acts constitute contributory false designation of origin in violation of 15 U.S.C. § 1125.

61. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

62. Defendant's acts have damaged and will continue to damage Anova and Anova has no adequate remedy at law.

## COUNT VI
### Contributory Trademark Dilution, M.G.L. c. 110H

63. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

64. Defendant's acts constitute contributory trademark dilution in violation of M.G.L. c. 110H.

65. Upon information and belief, Defendant intends to continue its unlawful conduct, unless restrained by this Court.

66. Defendant's acts have damaged and will continue to damage Anova and Anova has no adequate remedy at law.

## COUNT VII
### Unfair Competition, M.G.L. c. 93A § 11

67. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

68. Anova has valid and protectable rights in the Anova Precision Cooker Trade Dress and the PRECISION mark. Anova's trade dress and trademark do not serve any function other than

to identify Anova as the source of its products. The trade dress and trademark are distinctive, and, through Anova's use, have come to be associated solely with Anova as the source of the products on which they are used.

69. Defendant's use and sale of an infringing trade dress and trademark is likely to cause confusion as to the source of Defendant's products, and is likely to cause others to be confused or mistaken into believing that (1) Anova has authorized Defendant to use its Precision Cooker design or PRECISION mark, (2) there is a relationship between Defendant and Anova, or (3) that Defendant's products are affiliated with or sponsored by Anova.

70. Defendant's unlawful misrepresentations have caused harm to Anova by diverting revenues that would otherwise be paid to Anova and such harm will continue unless and until such unlawful competition is enjoined.

**COUNT VIII**
**Common Law Unfair Competition**

71. Anova repeats and realleges the facts set forth in each of the preceding paragraphs.

72. Anova has valid and protectable rights in the Anova Precision Cooker Trade Dress and the PRECISION mark.  Anova's trade dress and trademark do not serve any function other than to identify Anova as the source of its products. The trade dress and trademark are distinctive, and, through Anova's use, have come to be associated solely with Anova as the source of the products on which they are used.

73. Defendant's use and sale of an infringing trade dress and trademark are likely to cause confusion as to the source of Defendants's products, and is likely to cause others to be confused or mistaken into believing that (1) Anova has authorized Defendant to use its Precision Cooker design or PRECISION mark, (2) there is a relationship between Defendant and Anova, or (3) that Defendant's products are affiliated with or sponsored by Anova.

14

74. Defendant's unlawful misrepresentations have caused harm to Anova by diverting revenues that would otherwise be paid to Anova and such harm will continue unless and until such unlawful competition is enjoined.

## COUNT IX
### Federal Trade Dress Infringement

75. Anova incorporates and realleges the facts set forth in each of the preceding paragraphs.

76. Anova is the owner of all right and title to the distinctive Anova Trade Dress.  The Anova Trade Dress, as embodied in the Anova Precision Sous Vide Cooker, has acquired secondary meaning, and is not functional.

77. In addition, based on extensive and consistent advertising, promotion, and sales throughout the United States, the Anova Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers who identify Anova as the source of the product.

78. Anova's extensive advertising, promotion, publicity, and sales of products with the distinctive Anova trade dress have resulted in Anova's acquisition of valuable, legally protected rights in the Anova trade dress, as well as considerable goodwill.

79. Defendant has misappropriated that trade dress by copying a combination of several elements of that trade dress.

80. Defendant's manufacture, promotion, and distribution of the Chefman Sous Vide Cooker with a product design that copies several elements of the Anova trade dress is likely to cause confusion or mistake, or to deceive customers as to the affiliation, connection or association of Defendant with Anova, or to the origin, sponsorship, or approval by Anova of Defendant's goods and services.

81. Defendant's manufacture, promotion, and distribution of the Chefman Sous Vide Cooker enables Defendant to benefit unfairly from Anova's reputation and success.

82. Defendant's actions constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

83. Defendant knew of the Anova trade dress when it designed and/or began to advertise and sell the Chefman Sous Vide Cooker.  Accordingly, Defendant's infringement has been and continues to be willful.

84. Anova has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Anova lacks an adequate remedy at law to compensate for this harm and damage.

85. Because Defendant's actions have been willful, Anova is entitled to enhanced exemplary damages, including treble its actual damages, to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT X

### Common Law Trade Dress Infringement

86. Anova incorporates and realleges the facts set forth in each of the preceding paragraphs.

87. Anova is the owner of all right and title to the distinctive Anova Trade Dress.  The Anova Trade Dress, as embodied in the Anova Precision Sous Vide Cooker, has acquired secondary meaning, and is not functional.

88. In addition, based on extensive and consistent advertising, promotion, and sales throughout the United States, the Anova Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers who identify Anova as the source of the product.

89. Anova's extensive advertising, promotion, publicity, and sales of products with the distinctive Anova trade dress have resulted in Anova's acquisition of valuable, legally protected rights in the Anova trade dress, as well as considerable goodwill.

90. Defendant has misappropriated that trade dress by copying a combination of several elements of that trade dress.

91. Defendant's manufacture, promotion, and distribution of the Chefman Sous Vide Cooker with a product design that copies several elements of the Anova trade dress is likely to cause confusion or mistake, or to deceive customers as to the affiliation, connection or as-sociation of Defendant with Anova, or to the origin, sponsorship, or approval by Anova of Defendant's goods and services.

92. Defendant's manufacture, promotion, and distribution of the Chefman Sous Vide Cooker enables Defendant to benefit unfairly from Anova's reputation and success.

93. Defendant knew of the Anova trade dress when it designed and/or began to advertise and sell the Chefman Sous Vide Cooker.  Accordingly, Defendant's infringement has been and continues to be willful.

94. Anova has been and will continue to be irreparably harmed and damaged by Defendants' conduct, and Anova lacks an adequate remedy at law to compensate for this harm and damage.

95. Anova also has sustained damages as a direct and proximate result of Defendant's infringement of the Anova trade dress in an amount to be proven at trial, including Defendant's profits and/or gains of any kind resulting from its acts of infringement.

96. Because Defendant's actions have been willful, Anova is entitled to exemplary and punitive damages, an award of costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order of the Court:

(A)     Granting a preliminary injunction and/or permanent injunction restraining

Defendant, its officers, directors, principals, agents, servants, employees, successors and

assigns, and all individuals acting in concert or participation with Defendant, from:

17

- o making, using, offering for sale, selling or distributing any constant temperature immersion circulator products that bear the PRECISION mark or any confusingly similar variations thereof;

- o unfairly competing with Plaintiff in any manner; and

- o making, using, offering for sale, selling or distributing any products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as Plaintiff's trade dress, including:

  - o an angled black display interface;

  - o a silver-colored border encompassing the entire black angled display;

  - o a black middle portion featuring a vertically-oriented scrolling wheel illuminated in blue in the upper-center of the black middle portion;

  - o a stainless steel skirt with oblong perforations located directly beneath the black middle portion of the device; and

  - o Anova's color scheme of black, neon blue, silver and white.

(B)    Directing Defendant to use its best efforts to recall from trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using products that bear the same shape, style and overall appearance or any confusingly similar variations thereof as the PRECISION mark and Plaintiff's trade dress;

(C)    Directing Defendant to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction;

(D)    Directing Defendant to deliver up to Plaintiff for destruction or other disposition,

within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

(E)     Directing Defendant to account to Plaintiff for any and all profits derived by Defendant's from the sale of goods or services bearing the infringing trademark and trade dress;

(F)     Awarding Plaintiff a monetary judgment against the Defendant for Plaintiff's damages and Defendant's profits pursuant to 15 U.S.C. § 1117;

(G)     Trebling the amount of such award on account of Defendant's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

(H)     Awarding Plaintiff a monetary judgment against the Defendant for Plaintiff's damages and due to Defendant's unfair competition.

(I)     Awarding Plaintiff punitive damages against the Defendant due to the Defendant's unfair competition.

(J)     Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful infringement, pursuant to 15 U.S.C. § 1117; and

(K)     Awarding Plaintiff such other and further relief as permitted by law, and as the Court may deem just and proper.

Respectfully submitted,
/s/ *Paul J. Hayes*
Paul J. Hayes (BBO# 227000)
Jonathan R. DeBlois (BBO# 684320)
Prince Lobel Tye LLP
One International Place, Suite 3700

19

Boston, MA 02110
Telephone: (617) 456-8000
phayes@princelobel.com
jdeblois@princelobel.com

**Attorneys for the Plaintiff, Anova Applied
Electronics, Inc.**